UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ENGINEERED DEVICES CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**PARAMOUNT BUILDERS GROUP LLC,**<br>**a foreign limited liability company,**<br><br>Defendant. | Civ. No. 16-5346 (KM-MAH)<br><br>**MEMORANDUM OPINION and**<br>**ORDER** |

### KEVIN MCNULTY, U.S.D.J.:

This is an action for damages based on a written contract. The plaintiff, Engineered Devices Corporation, is a supplier (by lease or sale) of materials, equipment, to the construction industry. The defendant, Paramount Builders Group LLC ("PBG"), engaged in a construction project in New York known as 310 West Hotel (the "Project"). Engineered's complaint alleges that PGB failed to return leased equipment or pay for purchased equipment. PBG blames a third party contractor, Martins, which worked on the Project. According to PBG, it was Martins who used, and failed to return, the equipment. Thus, says PBG, Martins is a necessary party under Fed. R. Civ. P. 19, and the action must be dismissed because Engineered did not name Martins as a defendant. For the reasons stated herein, the motion is denied.

### I.  THE COMPLAINT

The complaint alleges that Engineered maintains a rental inventory of shorting and forming equipment, and also manufactures equipment to order. (Cplt. ¶¶ 4-6) On May 27, 2015, Paramount (by its president, Gary Labovskiy) executed a commercial credit application, release, and Master Rental Agreement with Engineered. (Cplt. ¶¶ 13-15) Copies are attached to the

1

Complaint. On the same date, PBG delivered a job information sheet for the 310 West Hotel Project, naming ZDG LLC as the general contractor. (Cplt. ¶ 18) Engineered approved Paramount's credit and delivered the equipment to PBG. (Cplt. ¶ 19) PBG failed to make payment for the goods sol, rented, and delivered. (Cplt. ¶ 20) Engineered claims damages in the total amount of $380,823.17. (Cplt. ¶ 21) Jurisdiction is founded on diversity. (Cplt. ¶ 22)

The Complaint has four counts. Count 1 asserts claims of book account and unjust enrichment in the amount of $156,319.31. Count 2 asserts breach of contract and unjust enrichment in that Engineered, at PBG's request, delivered equipment and materials valued at $136,621.59 to the project site, for which it was not paid. Count 3 alleges conversion of the same materials referred to in Count 2 and seeks the same damages. Count 4 seeks a contractual 30% collection charge in the amount of $87,882.27.

## II. DISCUSSION

PBG moves to dismiss the Complaint for failure to join Martins as a necessary party defendant under Federal Rule of Civil Procedure 19:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

2

Fed. R. Civ. P. 19(a).

PBG's motion tells a tale whereby Martins, and not itself, is to blame for the failure to pay for or return equipment supplied by Engineered. According to PBG, it happened this way. Mr. Martins, doing business as Paramount Concrete, Inc. (for simplicity, "Martins"),[1] contracted with the general contractor, ZDG, to provide contract services on the Project. PBG subcontracted with Martins to perform concrete services. It was as a subcontractor on the Project that PBG entered into the Rental Agreement with Engineered.

Martins and the principal of PBG, Labovskiy, had a falling out, and Martins stopped working. On October 16, 2015, ZDG fired Martins as general contractor. As a result, PBG lost its status as subcontractor. The forms[2] that PBG leased from Engineered apparently remained on site, and at some point were carted away by Martins. Martins, despite requests by Labovskiy, has declined to return them to Engineered.

PBG argues that Martins has, by retaining the forms, effectively asserted a competing ownership interest. Thus, says PBG, this action subjects it to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). This situation is comparable, it says, to a suit in which patent royalties are sought, but another party aside from the plaintiff claims to own the patent. (PBG Brf. 5 (citing *Princeton Biochemical, Inc. v. Beckman Coulter, Inc.*, 223 F.R.D. 326 (D.N.J. 2004)).

The situation is not comparable. The claims here essentially arise from an equipment rental agreement between Engineered and PBG. There is no agreement between Engineered and Martins. PBG undertook

---

[1] Paramount Concrete, Inc. is not to be confused with the defendant, Paramount Builders Group, LLC.

[2] "Forms," in this context, seems to refer to molds into which concrete is poured.

to pay a fee for the use of the equipment and return the equipment at the end of the lease term. By signing this simple Agreement, Engineered was not committing itself to referee a feud between Martins and Labovskiy. Under the Agreement, PBG is the responsible party.

In short, these are not "double" or "inconsistent" obligations that require joinder, let alone dismissal. If Engineered is correct, PBG owes it the money.[3] PBG does not also owe the same money to someone else.

What PBG is really arguing is that it has a third-party claim against Martins, which, as the party to blame, should reimburse PBG. This is a classic third-party claim, by which B says, "If I am liable to A, then C should be liable to me." PBG's rights are not being compromised, nor is it being prevented from asserting them. What PBG cannot do is deliberately refrain from asserting such a claim against Martins, and then complain that it is prejudiced because Martins is absent from the case.

## ORDER

Accordingly,

IT IS this 26th day of April, 2017,

ORDERED that the motion to dismiss for failure to join a necessary party (ECF no. 5) is DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.

---

[3] Big "if," of course; for purposes of this motion to dismiss, I do not adjudicate the validity of the claims.

4